Case 4:04-cv-00788 Document 15 Filed 03/02/05 Page 1 of 5 PageID 158
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 2 2005
CLERK, U.S. DISTRICT COURT
BY _____
DEPUTY
ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBERT SAMUEL ALLEN SR., § | |
| PETITIONER, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:04-CV-0788-A |
| DOUGLAS DRETKE, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL § | |
| INSTITUTIONS DIVISION, § | |
| RESPONDENT. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    PARTIES**

Petitioner Robert Samuel Allen Sr., TDCJ-ID #1093290, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C.     **FACTUAL AND PROCEDURAL HISTORY**

In July 1998, Allen was charged by indictment in Tarrant County with aggravated sexual assault of a child (count one) and indecency with a child by contact (count two). (Clerk's R. at 3.) On February 28, 2000, pursuant to a plea bargain agreement, Allen pled guilty to count one in the indictment and was placed on ten years' deferred adjudication community supervision. (*Id.* at 13-27.) Thereafter, on February 11, 2002, the trial court adjudicated Allen's guilt for the offense and sentenced him to twenty-five years' imprisonment. (*Id.* at 44.) The Second District Court of Appeals of Texas dismissed Allen's direct appeal for want of jurisdiction on May 30, 2002. *Allen v. Texas*, No. 2-02-051-CR, slip op. (Tex. App.–Fort Worth May 30, 2002) (not designated for publication). Allen did not file a petition for discretionary review. (Resp't Answer, Exhibit A.) On June 13, 2003, Allen filed a state postconviction application for writ of habeas corpus raising the issues presented, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court on April 4, 2004. *Ex parte Allen*, Application No. 56,248-01, at cover. Allen filed the instant federal petition for writ of habeas corpus on September 28, 2004.[1]

D.     **ISSUES**

Allen claims that he received ineffective assistance of trial and appellate counsel during and after the adjudication proceeding and that he was denied a separate hearing on punishment, thereby rendering his guilty plea involuntary. (Petition at 7-8.)

---

[1] A pro se habeas petition is deemed filed when the petition and any attachments are delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

E.   **STATUTE OF LIMITATIONS**

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because Allen is attacking the February 11, 2002 judgment adjudicating his guilt, subsection (A) governs when the limitations period in this case began to run, *viz.*, the date on which the judgment became final by the expiration of the time for seeking direct review.[2] For purposes of this

---

[2]There are no allegations that the state imposed an unconstitutional impediment to the filing of Allen's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable
(continued...)

3

provision, the judgment became final and the one-year limitations period began to run upon expiration of the time that Allen had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on July 1, 2002,[3] and closed on July 1, 2003, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Under the statutory tolling provision, Allen's state habeas application operated to toll the running of the limitations period for 299 days, making his federal petition due on or before April 25, 2004. *See* 28 U.S.C. § 2244(d)(2).[4] Thus, Allen's federal petition filed on September 28, 2004 was filed beyond the limitations period and is untimely.

## II. RECOMMENDATION

Allen's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

---

[2](...continued)
to Allen's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

[3]As noted by Dretke, the thirty-day period within which to file a notice of appeal ended on June 29, 2002, a Saturday. Therefore, the thirty-day period was extended to the following Monday, July 1, 2002. *See* TEX. R. APP. P. 4.1.

[4]Allen neither alleges nor demonstrates that he is entitled to additional tolling as a matter of equity, which is available only in "rare and exceptional circumstances" when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

4

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 23, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)©). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 23, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 2, 2004.

*[signature: Charles Bleil]*

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

5